## The Orphan Asylum Society,
### v.
### Peter M'Cartee and others.

The complainants having voluntarily, dismissed their suit, are not allowed to reinstate it; the dismissal not having been procured by fraud.

1825.
29th March.

*Practice.*

Mr. Boyd presented a petition of the ladies directresses of the Orphan Asylum society, for the reinstatement of this cause ; which had been formerly dismissed, upon their own application : p. 106.   Their affidavit subjoined to the petition, stated that the bill was dismissed under a full belief, induced by the conversations and conduct of the defendant, " that he would convey the property in question, if they " should dismiss the bill :" that he said " he would not con- " vey till he was put from under the lash of the law."   The counsel admitted, that he could find no case exactly in point ; but observed, that a bill may be restored after the order for dismission has been enrolled, and in any case of fraud.   2 Mer. 64.   1 Dick. 61.   3 P. W. 111.

Mr. Henry opposed the motion and read affidavits stating, that the defendant McCartee had refused all compromise, and had neither given assurances nor offered inducements, for the dismission of the bill ; and that the dismission of the bill was opposed by some of the defendants.   He produced the register's certificate that the order of dismission was enrolled.

He said the case in Dickens was a case of surprize ; but this can never be done where the party acts advisedly.

The Court, recollected, that the motion to dismiss the bill, was strenuously opposed by counsel for the defendants. Now, the parties change sides.   It would be dangerous to allow the reinstatement of suits once dismissed ; and it seems, that a suit once voluntarily dismissed, can never be reinstated, unless the order was obtained by fraud.   Here, was no fraud.

Regularity in the conduct of suits, would be destroyed, if the parties were thus allowed to mix judicial with extra judicial proceedings.

'The case of M'Vickar v. Wolcott, in the court of errors, 4 **1825.**
John. 510, turned upon the point, that matter which is not
by law referable to referees, can not be made the subject of
any review in the courts, upon objections to the report.

Motion refused ; but leave given to file a new bill.